UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KINDIA ROMAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 20-cv-12110-IT |
| | * | |
| TOWN OF TISBURY, MARK SALOIO, | * | |
| *in his official and individual capacities*, and | * | |
| MAX SHERMAN, *in his official and* | * | |
| *individual capacities*, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER
March 10, 2021

TALWANI, D.J.

Plaintiff Kindia Roman alleges that while she served as a police officer for the Town of Tisbury, she was subjected to discrimination and harassment by Defendant Max Sherman and other members of the Tisbury Police Department. Plaintiff further alleges that when she pursued a discrimination claim against Sherman and the Town of Tisbury with the Massachusetts Commission Against Discrimination, Defendant Saloio, who was then Chief of the Tisbury Police Department, attempted to coerce a key witness into providing untruthful testimony in order to obstruct Roman's prosecution of the discrimination claim. Now, Plaintiff has brought several causes of action against the Town of Tisbury, Sherman, and Saloio alleging violation of her civil rights. Defendant Saloio has filed a Motion to Dismiss [#15]. For the reasons set forth below, Defendant Saloio's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

## I.     Facts Alleged in the Complaint

Plaintiff Kindia Roman started working for the Town of Tisbury in its Police Department as a police officer in January 2014. Complaint ¶ 11 [#1]. While so employed, she faced harassment by Defendant Max Sherman and others in the Tisbury Police Department as a result of her identity as a gay Hispanic woman. Id. ¶¶ 15, 19, 21–23, 30–32. Nevertheless, Roman was successful in her work and was promoted to Detective in June of 2015 and Sergeant in June of 2016. Id. ¶ 17. During the time of her employment, Roman's supervisor was Lieutenant Eerik Meisner and the Chief of Police was Daniel Hanavan. Id. ¶¶ 20, 37.

In May 2018, Roman applied for an opening with the Walpole Police Department in order to escape the hostile work environment at the Tisbury Police Department. Id. ¶¶ 46–47. Roman interviewed at the Walpole Police Department in June 2018 and following the interview, the interview panel implied that Roman could expect to be hired imminently. Id. ¶¶ 48–50. On June 13, 2018, in light of the representations made by the panel, and with assurances from the Walpole Deputy Chief, Roman provided her two-week notice to the Tisbury Police Department. Id. ¶ 51. Roman's last day with the Tisbury Police Department was June 22, 2018, and Chief Hanavan told Roman that she was leaving the department in "Good Standing" and that if she ever wanted to return there would be a place for her with the Tisbury Police Department. Id. ¶ 52. On June 25, 2018, Roman moved to Norwood, Massachusetts in anticipation of her new position with the Walpole Police Department.

Shortly thereafter, the Walpole Police Department unexpectedly contacted Roman to schedule a second interview. Id. ¶ 54. During the second interview, which took place on July 12, 2018, Roman was asked about events related to her time at the Tisbury Police Department and her personal life, including her relationship with a woman, and it was clear to Roman by the end

2

of the interview that she would not be offered the position. Id. ¶¶ 55–58. Afterwards, Defendant Sherman boasted that he had spoken to the Walpole Police Department about Roman and bragged of having "torpedoed" Roman's job opportunity. Id. ¶ 60. On July 19, 2018, Roman was informed that she was no longer a candidate for the job. Id. ¶ 64. Roman subsequently learned that Sherman had similarly interfered with a job application Roman submitted to the Westwood Police Department. Id. ¶ 86.

After several members of the Tisbury Police Department complained about Sherman's conduct, Police Chief Hanavan directed Meisner to conduct an investigation into Sherman. Id. ¶¶ 65–66. In late August 2018, Meisner completed his investigation and found that Sherman had maliciously provided false information to the Walpole Police Department with the intent of preventing Roman from obtaining employment with the Department. Id. ¶ 87. However, the Tisbury Police Department did not discipline Sherman and instead promoted him to Sergeant, the same position previously held by Roman. Id. ¶ 90.

As a result of the Town's actions, Roman instituted a complaint against the Town of Tisbury and Sherman with the Massachusetts Commission Against Discrimination ("MCAD"). Id. ¶ 91.

In November 2018, the Town of Tisbury appointed Defendant Mark Saloio to be Chief of Tisbury Police. Id. ¶ 93. Saloio was well versed in the events that contributed to Roman's MCAD complaint and had several conversations with Meisner about the complaint. Id. ¶ 94. In early January 2019, Saloio called Meisner into his office and directed Meisner to cease talking with Roman. Id. ¶ 96. Saloio stated further that attorneys for the Town of Tisbury would be calling Meisner to ask about the MCAD complaint and that "it would be in [Meisner's] interest to be supportive of the Town." Id. ¶ 97.

On January 10, 2019, Meisner was interviewed by an attorney representing the Town of Tisbury in relation to the MCAD complaint. Id. ¶ 100. During the interview, Meisner was supportive of Roman and the allegations made in the MCAD complaint. Id. ¶ 101. The substance of that conversation was provided to Saloio. Id. ¶ 102. Less than one week later, Saloio fired Meisner. Id. ¶ 104.

## II.     Procedural Background

On November 24, 2020, Plaintiff filed the Complaint [#1] against the Town of Tisbury, Max Sherman, and Mark Saloio. Plaintiff brings seven claims. Claim One is brought under the federal Civil Rights Act, 42 U.S.C. § 1983, and alleges that all Defendants violated Plaintiff's rights under the federal Constitution, including her rights to free speech, due process, continued employment, and petition and seek redress from the government without abuse and retaliation. Compl. ¶¶ 106–09 [#1]. Claim Two alleges a violation of the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, §§ 11H and I, by Saloio and Sherman acting in their official and individual capacities. Id. ¶¶ 110–12. Claim Three alleges a violation of Mass. Gen. Laws ch. 151B by all Defendants for discriminating against Plaintiff as a result of her gender, race, and sexual identity. Id. ¶¶ 113–19. Claim Four alleges a violation of Title IX, 20 U.S.C. § 1681, et seq., by all Defendants, in both their official and individual capacities, for creating a hostile work environment for Plaintiff. Id. ¶¶ 120–25. Claim Five, like Claim One, is brought under the federal Civil Rights Act, 42 U.S.C. § 1983, and alleges that the Town of Tisbury and Saloio's failure to properly supervise Sherman has deprived Plaintiff of her civil rights. Id. ¶¶ 126–28. Claim Six alleges that Defendants Sherman and Saloio intentionally and improperly interfered with Plaintiff's advantageous business relationships with the Towns of Tisbury, Walpole, and

Westwood. Id. ¶¶ 129–32. Claim Seven alleges that Defendants Sherman and Saloio conspired to deprive Plaintiff of her civil rights and public employment. Id. ¶¶ 133–35.

Defendant Saloio filed a Motion to Dismiss [#15] all the claims brought against him, which Plaintiff opposed. Pl.'s Mem. Opp'n [#20]. At the hearing on the motion, Plaintiff's counsel stated that Plaintiff did not oppose dismissal of Claims Four through Seven as to Saloio.

## III.    Legal Standard

To survive a motion to dismiss, the well-pleaded facts in Plaintiff's complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a complaint under a Fed. R. Civ. P. 12 motion to dismiss, the court "must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). The plausible factual allegations, taken as true, must ultimately be able to support the legal conclusion that underlies each claim for relief. See Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

## IV.    Discussion

### 1.    Claim One – 42 U.S.C. § 1983

Saloio contends that Plaintiff has failed to state a § 1983 claim against Saloio because "there are no facts alleged showing that Saloio engaged in any 'conduct or inaction amount[ing] to a reckless or callous indifference to the constitutional rights of others.'" Def.'s Mem. 4 [#16] (quoting Gutiérrez–Rodríguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989)). Saloio's argument rests on the assertion that "[b]y the time Saloio was hired as Chief of Police, Plaintiff had already left her employment with Tisbury; she had already applied for, and was allegedly

denied, positions with police departments in Walpole, Wellesley, Concord, and Westwood; and she had already sought, and was allegedly denied, reinstatement of her position with [Tisbury Police]." Id.

Saloio's argument misapprehends Plaintiff's claims against Saloio and fails to address specific factual allegations included in the Complaint. Plaintiff's claims against Saloio are not based on the actions taken by either Sherman or the Town for the period before Saloio became Chief of the Tisbury Police Department. Instead, Plaintiff alleges that Saloio deprived Plaintiff of her rights guaranteed by the federal Constitution by attempting to coerce, intimidate, or threaten Meisner into obstructing the Town's investigation of Plaintiff's MCAD complaint.[1] Because the allegations as to Saloio's conduct after his appointment as Chief of Police state a claim for relief pursuant to 42 U.S.C. § 1983, Claim One is not subject to dismissal.

### 2. Claim Two – Massachusetts Civil Rights Act

Saloio raises two arguments for why Plaintiff's Massachusetts Civil Rights Act ("MCRA") claim must be dismissed as a matter of law. First, Saloio complains that Claim Two is brought against Saloio in both his personal and official capacities, where the MCRA only establishes liability for officers acting in their individual capacities. Def.'s Mem. 5 [#16] (citing Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 593, 747 N.E.2d 729, 745 (2001)). Plaintiff does not rebut this argument and Defendant is correct that Massachusetts courts have not extended MCRA liability to municipal employees acting in their official capacities. See

---

[1] The structure of Plaintiff's Complaint [#1] may have contributed to Saloio's misapprehension about the nature of the claims brought against him. While the complaint's recitation of facts, see Compl. ¶¶ 8–105 [#1], includes short and plain statements that put the Defendants on adequate notice of the claims brought against each of them, the recitation of the causes of action fail to differentiate between the individual Defendants.

O'Malley v. Sheriff of Worcester County, 415 Mass. 132, 141 n. 13, 612 N.E.2d 641 (1993) ("[T]o avoid a State's sovereign immunity to a damages suit, a plaintiff must sue the State official in his individual and not his official capacity"). Accordingly, to the extent Plaintiff's MCRA claim alleges that Saloio is liable in his official capacity, Claim Two is subject to dismissal.

Saloio's second argument is that Plaintiff's MCRA complaint must be dismissed where "the Complaint is devoid of any assertion that Saloio threatened, intimidated, or coerced *Plaintiff*." Def.'s Mem. 5 [#16] (emphasis added). Namely, Saloio argues that while there are allegations that Saloio attempted to threaten, intimidate, or coerce Meisner, there are no allegations that Saloio did the same directly to Plaintiff. However, to establish a MCRA claim, Plaintiff need only prove that: "'(1) [her] exercise or enjoyment of rights secured by the Constitution or the laws of either the United States or the Commonwealth, (2) have been interfered with, or attempted to be interfered with, and (3) that the interference . . . was by threats, intimidation, or coercion.'" Lund v. Henderson, 22 F. Supp. 3d 94, 106 (D. Mass. 2014) (quoting Shea v. Porter, 2013 WL 1339671, at *6 (D. Mass., Mar. 29, 2013)). By its plain terms, the MCRA does not require that the threats, intimidation, or coercion necessarily be directed at Plaintiff, so long as they have the effect of interfering with Plaintiff's exercise or enjoyment of her civil rights. See Haufler v. Zotos, 446 Mass. 489, 503, 845 N.E.2d 322, 334 (2006) (collecting cases for this proposition). Accordingly, Claim Two against Saloio acting in his individual capacity is not subject to dismissal on the pleadings.

### 3. Claim Three – Mass. Gen. Laws ch. 151B

Saloio challenges Plaintiff's ch. 151B claim on essentially the same grounds as the § 1983 claim and the MCRA claim. That is, Saloio argues that "[t]he Complaint does not include

any allegation that discriminatory or harassing conduct occurred on or after the time when Saloio became Chief of Police, nor does it assert that any such conduct was reported to Saloio." Def.'s Mem. 6 [#16]. As before, Saloio overlooks the allegation that Saloio attempted to interfere with Plaintiff's MCAD petition against Sherman and the Town of Tisbury. Namely, Plaintiff alleges that Saloio knew of the harassment and discrimination that Plaintiff faced from Sherman and others in the department and that Saloio threatened Meisner in order to interfere with Plaintiff's attempts to remedy the discriminatory harassment through MCAD. These allegations state a claim under ch. 151B. See Lopez v. Com., 463 Mass. 696, 707, 978 N.E.2d 67, 78 (2012) (holding that § 4(4A) of ch. 151B prohibits interference with the exercise or enjoyment of any right granted or protected by ch. 151B and that while retaliation "may also constitute interference under the second clause of § 4(4A), retaliation is not required to establish a claim of interference").

**V.    Conclusion**

For the reasons set forth above, Defendant Saloio's Motion to Dismiss [#15] is GRANTED IN PART. Claims Four, Five, Six, and Seven, and Claim Two to the extent it is brought against Saloio acting in his official capacity are dismissed. As to all other claims, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Date: March 10, 2021                                           /s/ Indira Talwani
                                                              United States District Judge

8